**Electronically Filed
Intermediate Court of Appeals
29486
12-FEB-2013
09:35 AM**

NO. 29486

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


McCULLY ASSOCIATES, Plaintiff-Appellee, v.
TEN GRAND ASSOCIATES, a Hawai'i Limited Partnership,
and TEN GRAND INVESTMENTS, INC., a Hawai'i Corporation,
Defendants, and JERRY TARUTANI and HUO CHEN, Co-Trustees
of the GREGORY Y. DUNN IRREVOCABLE TRUST DATED
DECEMBER 17, 1993; ROGER Y.H. DUNN IRREVOCABLE TRUST
DATED DECEMBER 17, 1993; LAURIEANN Y.F. DUNN IRREVOCABLE
TRUST DATED DECEMBER 17, 1993; AND MICHAEL Y.H. DUNN
IRREVOCABLE TRUST DATED DECEMBER 17, 1993, Additional
Defendants and Third-Party Plaintiffs-Appellees, and
RONALD K. KOTOSHIRODO, RECEIVER, Third-Party
Plaintiff-Appellee, v. ALEXANDER Y. MARN and ERIC Y. MARN,
Third-Party Defendants-Appellants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 05-1-2246)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Third-Party Defendant/Appellant Eric Y. Marn (**Marn**)
appeals *pro se* from two orders entered by the Circuit Court of
the First Circuit (**Circuit Court**): (1) the August 6, 2008 Order
Granting Third-Party Defendant Eric Marn's Second Motion to
Continue the Trial Date Filed July 8, 2008 (**Order Granting
Continuance**); and (2) the October 29, 2008 Order Denying Third-
Party Defendants' Motion for Reconsideration In Part Re: Order
Granting Third-Party Defendant Eric Marn's Second Motion to

Continue Trial Date Filed July 8, 2008 (Filed August 6, 2008), Filed August 18, 2008 (**Order Denying Reconsideration**).[1]

Marn's Opening Brief fails to identify points of error, exceeds the maximum number of pages, fails to provide the required references to the record on appeal, and otherwise fails to meet the requirements of Hawai'i Rules of Appellate Procedure (**HRAP**) 28. We nevertheless attempt to address the issues raised by Marn, including: (1) whether Intervenors-Defendants/Third-Party Plaintiffs/Appellees Jerry Tarutani and Huo Chen, Co-Trustees of the Gregory Y. Dunn Irrevocable Trust Dated December 17, 1993; Roger Y.H. Dunn Irrevocable Trust Dated December 17, 1993; Laurieann Y.F. Dunn Irrevocable Trust Dated December 17, 1993; and Micheal Y.H. Dunn Irrevocable Trust Dated December 17, 1993 (**the Dunn Trusts**) are proper appellees in this proceeding; (2) whether the Circuit Court abused its discretion by requiring Marn to remit the cost of a non-refundable airline ticket to its purchaser, non-party and named witness James Dunn, as a condition to granting Eric Marn's Second Motion to Continue Trial Date; and (3) whether the Circuit Court abused its discretion by denying Marn's subsequent Motion for Reconsideration, which challenged the imposition of that condition.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Marn's points of error as follows:

(1) Marn is the Appellant. Pursuant to HRAP 2.1 and 3(d), all other named parties in the lower court proceeding, which expressly include "intervenor[s]," are denominated "appellees." Therefore, the Dunn Trusts, in their capacity as intervening defendants to the Amended Complaint and intervening third-party plaintiffs in the Cross-Claim action, are plainly

---

[1] The Honorable Victoria S. Marks presided.

2

"appellees" under our governing rules.  See S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club, 75 Haw. 480, 493, 866 P.2d 951, 959 (1994) ("Appellee-designations are automatically determined pursuant to HRAP 3(d)...").  Although the parties below stipulated to substitute Ronald Kotoshirodo as the third-party plaintiff in the Third-Party Action (in lieu of the Dunn Trusts), the Dunn Trusts remained as (1) additional intervening defendants to the Amended Complaint, and (2) intervening third-party plaintiffs in the Cross-Claim Action.  The Dunn Trusts are properly denominated as appellees.

(2)  Marn contends that the Circuit Court abused its discretion by imposing upon him the cost of a trial witness's non-refundable airline ticket, as a condition for granting his Second Motion to Continue Trial Date.

Courts have "inherent equity, supervisory, and administrative powers as well as inherent power to control the litigation process before them.[2/]"  Richardson v. Sport Shinko (Waikiki Corp.), 76 Hawai'i 494, 507, 880 P.2d 169, 182 (1994).  "Although a moving party is usually confined to the relief requested in his motion, a trial court has the inherent power, subject to limitations on its jurisdiction, to grant, deny, grant in part or grant alternative or appropriate relief."  Makani Dev. Co., Ltd. v. Stahl, 4 Haw. App. 542, 547, 670 P.2d 1284, 1288

---

[2/]    While a court's inherent powers are not confined by or dependent on statute, Hawaii Revised Statutes (HRS) § 603-21.9(6) (1993) represents a legislative restatement of the inherent powers doctrine.  See Richardson, 76 Hawai'i at 507-508 n. 15, 880 P.2d at 182-183 n. 15 (citation omitted).  That section provides that:

§ 603-21.9. Powers.  The several circuit courts shall have power:

. . . .

(6)    To make and award such judgments, decrees, orders, and mandates, issue such executions and other processes, and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to them by law or for the promotion of justice in matters pending before them.

3

(App. 1983) (citation omitted); c.f. Farmer v. Admin. Dir. of Court, State of Haw., 94 Hawai'i 232, 240, 11 P.3d 457, 465 (2000) ("[a]mong courts' inherent powers are the powers to create a remedy for a wrong even in the absence of specific statutory remedies[.]") (citation and internal quotation marks omitted, brackets in original). This particular exercise of inherent power may be exercised sua sponte. See Stahl, 4 Haw. App. at 547, 670 P.2d at 1287.

We conclude that the Circuit Court possessed the inherent power to fashion "alternative or appropriate relief" in adjudicating the Second Motion to Continue Trial Date, including the imposition of a condition on the requested trial continuance. See Stahl, 4 Haw. App. at 547, 670 P.2d at 1288 (affirming trial court's inherent power to impose monetary conditions on granting requested relief). It appears that the Circuit Court rescheduled trial on the Third-Party Action, on three separate occasions – the latter two continuances flowing from Marn's health-related issues. While there is nothing to indicate that Marn, in either instance, moved for the requested relief for an improper purpose or in bad faith, the fact remains that both motions to continue were filed unexpectedly, and in the case of the Second Motion to Continue Trial Date, mere days prior to trial. Mr. Dunn, a California resident, had been formally named as a witness at the July 14, 2008 trial and had pre-purchased his airline ticket prior to Marn's July 8, 2008 Second Motion to Continue Trial Date. The Circuit Court fashioned alternative relief to accommodate Mr. Marn's legitimate medical-related request, while also addressing the expense incurred by Mr. Dunn in anticipation of a July 14, 2008 trial, which had already been rescheduled twice. Marn failed to demonstrate that, under the circumstances of this case, this condition constituted an abuse of discretion.

(3)  Marn's contention that the Circuit Court abused its discretion by denying his motion for reconsideration, in

which he argued that the monetary condition was impermissible, is without merit.

We affirm.

DATED:   Honolulu, Hawai'i, February 12, 2013.

On the briefs:

Eric Y. Marn
Third-Party Defendant-
  Appellant *Pro Se*

Steven Guttman
Miriah Holden
(Kessner Umebayashi Bain
  & Matsunaga)
for Additional Defendants
and Third-Party
Plaintiffs-Appellees

Presiding Judge

Associate Judge

Associate Judge